Defendant Robert D. Shenise has appealed from his conviction and sentence by the Summit County Court of Common Pleas. We reverse.
Defendant plead guilty to one count of receiving stolen property, in violation of R.C. 2913.51(A); one count of possessing criminal tools, in violation of R.C. 2923.24; three counts of fraudulent actions concerning vehicle identification numbers, in violation of R.C. 4549.62(A); and eight counts of breaking and entering, in violation of R.C. 2911.13(A).
The trial court sentenced Defendant to a term of three years for receiving stolen property; a term of one year for possession of criminal tools, to run consecutively with the sentence for receiving stolen property; a term of six months on each count of fraudulent actions concerning vehicle identification numbers; and a term of six months on each count of breaking and entering. The court further ordered that each term for fraudulent actions concerning vehicle identification numbers be served concurrently with each other, but consecutively to the other charges, and each term for breaking and entering be served concurrently with each other, but consecutively to the other charges. Defendant received a total prison sentence of five years. Defendant timely appealed and raised four assignments of error for review.
 ASSIGNMENT OF ERROR III THE TRIAL [sic] ERRED AND ABUSED ITS DISCRETION BY FAILING TO SENTENCE [DEFENDANT] TO THE SHORTEST PRISON TERM POSSIBLE AS REQUIRED BY OHIO REVISED CODE SECTION 2929.14(B) WITHOUT FIRST MAKING THE PROPER FINDING ON THE RECORD.
In his third assignment of error, Defendant asserted that the trial court erred when it imposed more than the minimum sentence without making the necessary findings on the record as required by State v. Edmonson
(1999), 86 Ohio St.3d 324.
In this case, the State conceded that the trial court erred by failing to note that it engaged in the analysis of the statutory criteria necessary to support the imposition of a prison term greater than the minimum. Therefore, the third assignment of error is sustained.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING [DEFENDANT] TO ACTUAL INCARCERATION WITHOUT FIRST CONSIDERING THE APPROPRIATENESS OF A COMMUNITY CONTROL SANCTION AS REQUIRED BY OHIO REVISED CODE SECTION 2929.13(A).
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING [DEFENDANT] TO A TERM OF IMPRISONMENT FOR CRIMES WHICH WERE A FIFTH DEGREE FELONY WITHOUT FIRST MAKING THE FINDINGS REQUIRED BY OHIO REVISED CODE SECTION 2929.13(B).
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THAT [DEFENDANT'S] SENTENCES BE SERVED CONSECUTIVELY IN THE ABSENCE OF ANY EVIDENCE IN THE RECORD OF ANY OF THE FACTORS ENUMERATED IN OHIO REVISED CODE 2929.14(E) AND IN THE ABSENCE OF ANY FINDING OF SUCH FACTORS ON THE RECORD.
Pursuant to App.R. 12(A)(1)(c), this Court's disposition of the third assignment of error renders Defendant's first, second, and fourth assignments of error moot and accordingly, they will not be addressed.
Defendant's third assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for the purpose of resentencing Defendant pursuant to R.C. 2929.13(A), 2929.13(B), 2929.14(B) and 2929.14(E).
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
CARR, J., WHITMORE, J., CONCUR.